# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* SARAH DUNTSCH, <br><br> Plaintiff, <br><br> v. <br><br> SUPERIOR CARE PHARMACY, et al., <br><br> Defendants. | Case No. 18-cv-1002-MMA-MSB <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION** <br><br> [Doc. No. 65] |

Pending before the Court is the government's motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b). Doc. No. 65. Defendants David Walrod and Justus Benjamin filed oppositions, to which the government replied. Doc. Nos. 68–70. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. Doc. No. 71. For the reasons set forth below, the Court **DENIES** the government's motion.

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure do not explicitly allow motions for reconsideration. However, pursuant to Rule 60(b), a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence

that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court and will not be reversed absent an abuse of discretion."  *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

Additionally, Civil Local Rule 7.1.i governs motions for reconsideration in this District.  The rule provides that a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part."  CivLR 7.1.i.1.  The party seeking reconsideration under Civil Local Rule 7.1.i.1 must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."  *Id.*

## II. DISCUSSION

In this *qui tam* action initiated in May 2018, the government filed an Intervenor's Complaint on January 4, 2024.  Doc. No. 34.  On May 23, 2024, the Court issued an Order ruling on Defendants David Walrod and Justus Benjamin's motions to dismiss and Defendant Derek Ishaque's motion to stay.  Doc. No. 64.  The government now asks the Court to reconsider its dismissal of Claims 6 and 7 under Rule 60(b)(1) and (b)(6).[1]

---

[1] The government filed its motion for reconsideration twelve days after the Court issued the challenged Order.  The Court assumes without deciding that the government can seek relief under Rule 60(b).  *See Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) (internal quotation marks and citation omitted) ("A motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within [twenty-eight] days of entry of judgment. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order.") (internal quotation marks and citations omitted).  And to the extent the government's motion is

Namely, the government argues that the Court's ruling on these claims "was based on a misapprehension of applicable law" and seeks reconsideration to correct a mistake of law. Doc. No. 65 at 2, 7.

In its May 23, 2024 Order, the Court dismissed Claims 6 and 7, stating in full:

> The government's sixth claim is for payment by mistake, and its seventh claim is for unjust enrichment. The government fails to identify any applicable law providing for these causes of action. According to the government in opposition, these are common law doctrines. *See* Doc. No. 59 at 22–24. The government then proceeds to cite cases from the Ninth Circuit, Fifth Circuit, and the District Courts for the District of Columbia, Eastern District of Michigan, and District of Arizona. *Id.* The Court cannot guess what law applies to these claims. Because the government fails to identify the applicable state law providing for these common law claims, the Court **DISMISSES** Claims 6 and 7 with leave to amend. *See, e.g.*, *Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189-BLF, 2016 U.S. Dist. LEXIS 15868, at *34 (N.D. Cal. Feb. 8, 2016) ("[D]ue to variances among state laws, failure to allege which state law governs a common law claim is grounds for dismissal.") (citing *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 781 F. Supp. 2d 955, 966 (N.D. Cal. 2011)).

Doc. No. 64 at 14.

It is true that the Court stated in one instance that the government's claims were subject to dismissal because the government failed to identify any applicable *state* law. But the Court did not rule that the government could not pursue these claims pursuant to federal common law. Rather, the Court dismissed these claims because "[t]he government fail[ed] to identify *any* applicable law providing for these causes of action" and the Court "cannot guess what law applies to its claims." Doc. No. 64 at 2 (emphasis added).

---

more appropriately analyzed under the Rule 59(e) standard, the Court notes that relief is not warranted because the government identifies no newly discovered evidence, clear error, or intervening change in controlling law. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

The government offers no persuasive reason to deviate from the principle identified in *Romero* that a failure to identify the governing law supporting a common law claim warrants dismissal of the claim without prejudice to repleading the claim and identifying the appropriate law.  *Romero v. Flowers Bakeries, LLC*, No. 14-CV-05189-BLF, 2016 U.S. Dist. LEXIS 15868, 2016 WL 469370 at *12 (N.D. Cal. Feb. 8, 2016); *see also In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 933 (N.D. Cal. 2018). Contrary to the government's assertion, Doc. No. 65 at 4, the government did not plead that federal common law governed Claims 6 and 7, nor did it argue in opposition to the motions to dismiss that the claims were pursuant to federal common law.[2]  Due to the government's failure to identify any applicable law governing these two claims, federal common law or otherwise, the Court was unable to assess the viability of these claims.  It was for this reason the claims were dismissed without prejudice and with leave to amend to identify the applicable law.  The government identifies no mistake of law undermining this ruling.  Accordingly, the Court **DENIES** the government's motion for reconsideration.

    **IT IS SO ORDERED**.

Dated:  September 3, 2024

    HON. MICHAEL M. ANELLO
    United States District Judge

---

[2] The phrase "federal common law" is absent from both the government's Intervenor Complaint and its opposition to the motions to dismiss.